IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **Jacques Guinn Grant**, <br><br> Plaintiff, <br><br> v. <br><br> **State of Oregon et al.**, <br><br> Defendants. | Case No. 3:21-cv-01588-SB <br><br> **ORDER** |

**IMMERGUT, District Judge.**

On June 15, 2022, Magistrate Judge Stacie F. Beckerman issued her Findings and Recommendation ("F&R"). ECF 14. The F&R recommends that this Court dismiss Plaintiff's amended pleading with leave to file a second amended complaint. On June 29, 2022, Plaintiff timely filed objections. ECF 17. Defendant did not file a response to Plaintiff's objections. For the following reasons, this Court ADOPTS Judge Beckerman's F&R in full.

### STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's F&R, "the court shall make a de

PAGE 1 – ORDER

novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, sua sponte" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## CONCLUSION

Plaintiff made several objections to Judge Beckerman's F&R. This Court has carefully considered the objections and concludes that the objections do not provide a basis to modify the F&R. The F&R, ECF 14, is adopted in full.[1] This Court DISMISSES Plaintiff's amended pleading with leave to file a second amended complaint on the form attached to the F&R and in accordance with the Court's instructions. Specifically, Plaintiff may not assert claims against the Portland Police Bureau ("PPB") or the State of Oregon and may not assert any criminal claims or a Ninth Amendment claim. However, he may amend (i) his excessive force claim against Officer Jones and attempt to state a *Monell* claim against the City of Portland and (ii) his false arrest or unlawful search claims against Officer Jones or any other specifically identified PPB officer.

/ / /

/ / /

/ / /

/ / /

---

[1] In denying Plaintiff's request to stay this case, the F&R states "…*Heck* does apply to this case…." ECF 14 at 5. The F&R should state "…*Heck* does not apply to this case…."

If Plaintiff fails to timely file a second amended complaint on the attached form and in accordance with the Court's instructions, this action will be dismissed with prejudice.

**IT IS SO ORDERED**.

DATED this 22nd day of July, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge